IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SightSound Technologies, Inc., *Plaintiff*, v. Roxio, Inc., and Napster, LLC, *Defendants*; Roxio, Inc., and Napster, LLC, *Counter-Plaintiffs*, v. SightSound Technologies, Inc. and Scott Sander *Counter-Defendants*. | Civil Action No. 04-1549 Chief Judge Donetta W. Ambrose |

**NOTICE OF FILING BY SIGHTSOUND TECHNOLOGIES, INC. OF *SUA SPONTE* DECISIONS OF UNITED STATES PATENT AND TRADEMARK OFFICE VACATING PREVIOUS FINAL OFFICE ACTIONS**

Pursuant to the instructions of the Court, Plaintiff, SightSound Technologies, Inc. ("SightSound") hereby files and gives notice that, by decisions dated May 9, 2006, the United States Patent And Trademark Office ("PTO"), acting *sua sponte,* vacated its previous final office actions with respect to each of the following patents: (1) U. S. Patent No. 5,191,573, in which the now-vacated final office action had been mailed March 20, 2006; (2) U. S. Patent No. 5,675,734,

in which the now-vacated final office action had been mailed March 17, 2006; and (3) U. S. Patent No. 5,966,440, in which the now-vacated final office action had been mailed March 27, 2006.

In each of the three *sua sponte* Decisions issued by the PTO, the PTO stated the following:

> All pending reexamination proceedings which remained assigned to the USPTO Technology Centers were transferred from the USPTO Technology Centers into the Central Reexamination Unit (CRU) by May 2006.
>
> As a result of the reassignment of the present proceeding to the CRU, ***and the facts specific to this proceeding,*** the Office is vacating the final Office action mailed on March 20 [27], 2006 to permit a CRU panel review and further analysis of the issues. The newly assigned CRU examiner in charge will, in conjunction with a panel review, issue a new Office action.
>
> The patent owner is relieved of the requirement to respond to the final Office action mailed on March 20 [27], 2006, in view of that Office action being vacated.

(emphasis supplied) A copy of each of the Decisions referenced above is attached as an appendix to this Notice.

In light of the fact that the PTO has vacated the final office actions previously issued, which now-vacated office actions had been filed with this Court on behalf of Defendants, it is not necessary to respond to the characterizations of the now-vacated office actions contained in "Defendants' Notice of PTO's Issuance Of Final Office Actions In *Ex Parte* Reexamination And Request For Status Conference." Neither the now-vacated office actions nor the Defendants' characterizations thereof have any relevance to these proceedings, particularly given the fact that, in each case, the PTO has expressly vacated the previous final office actions, in part, as a result of "the facts specific to this proceeding." *See above.*

                                      Respectfully submitted,

                                      SIGHTSOUND TECHNOLOGIES, INC.
                                      and SCOTT SANDER

Dated:   2 Jun 2006                 By: _____
                                      Richard F. Rinaldo (Pa. I.D. No.
                                      33222)
                                      MEYER, UNKOVIC & SCOTT LLP
                                      1300 Oliver Building
                                      Pittsburgh, PA 15222
                                      (412) 456-2800

                                      Duncan Williams
                                      Brian S. Mudge (Pa. I.D. No. 62607)
                                      KENYON & KENYON
                                      1500 K Street, NW, Suite 700
                                      Washington, DC 20005
                                      (202) 220-4200

                                      *Attorneys for*
                                      *Sightsound Technologies, Inc. and*
                                      *Scott Sander*

**APPENDIX**

 UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

DRINKER BIDDLE & REATH
Attn: INTELLECTUAL PROPERTY GROUP
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996

(For Patent Owner)

MAILED
MAY 1 5 2006
REEXAM UNIT

Albert S. Panilla
MARTINE PENILLA & GENCARELLA, LLP
710 Lakeway Drive, Suite 200
Sunnyvale, CA 94085

(For Requester)

DECISION, *SUA SPONTE*,
TO VACATE
REEXAMINATION OFFICE
ACTION

*In re* Arthur R. Hair
*Ex Parte* Reexamination Proceeding
Control No. 90/007,402
Filed: January 31, 2005
For: US Patent No. 5,191,573

The above captioned reexamination is before the Central Reexamination Unit for Consideration, *sua sponte*, whether to vacate the Office action made Final dated March 20, 2006.

### REVIEW OF FACTS

1. U. S. Patent No. 5,191,573 issued on March 2, 1993.

2. A request was filed by a third party requester for reexamination of US Patent No. 5,191,573 on January 31, 2005.

3. The Order granting reexamination is dated March 18, 2005.

4.  Non-final Office actions were mailed on June 21, 2005 and October 26, 2005 respectively.

6.  A final Office action was mailed on March 20, 2006.

## DISCUSSION REGARDING VACATING THE FINAL ACTION

MPEP 2271 is directed to final Office actions in *ex parte* reexamination proceedings and states as follows:

> Before a final action is in order, a clear issue should be developed between the examiner and the patent owner. To bring the prosecution to a speedy conclusion and at the same time deal justly with the patent owner and the public, the examiner will twice provide the patent owner with such information and references as may be useful in defining the position of the Office as to unpatentability before the action is made final. Initially, the decision ordering reexamination of the patent will contain an identification of the new questions of patentability that the examiner considers to be raised by the prior art considered. In addition, the first Office action will reflect the consideration of any arguments and/or amendments contained in the request, the owner's statement filed pursuant to 37 CFR 1.530, and any reply thereto by the requester, and should fully apply all relevant grounds of rejection to the claims.
>
> ...
>
> In making the final rejection, all outstanding grounds of rejection of record should be carefully reviewed and any grounds or rejection relied on should be reiterated. The grounds of rejection must (in the final rejection) be clearly developed to such an extent that the patent owner may readily judge the advisability of an appeal. However, where a single previous Office action contains a complete statement of a ground of rejection, the final rejection may refer to such a statement and also should include a rebuttal of any arguments raised in the patent owner's response.

## DECISION TO VACATE THE FINAL OFFICE ACTION

All pending reexamination proceedings which remained assigned to the USPTO Technology Centers were transferred from the USPTO Technology Centers into the Central Reexamination Unit (CRU) by May 2006.

As a result of the reassignment of the present proceeding to the CRU, and the facts specific to this proceeding, the Office is vacating the final Office action mailed on March 20, 2006 to permit a CRU panel review and further analysis of the issues. The newly assigned CRU examiner in charge will, in conjunction with a panel review, issue a new Office action.

The patent owner is relieved of the requirement to respond to the final Office action mailed on March 20, 2006, in view of that Office action being vacated.

Reexamination Control No. 90/007,402

3

## CONCLUSION

1. By way of instant decision, the Office action mailed in reexamination proceeding 90/007,402 mailed March 20, 2006 is hereby *sua sponte* **vacated.**

2. Jurisdiction over the present proceeding is now forwarded to the newly assigned CRU examiner who is directed to issue a new Office action in due course.

3. No response is required on the part of the Patent Owner, either to the decision or the final Office action mailed on March 20, 2006, which has now been vacated.

4. Correspondence may be submitted as follows:

By Mail to:  Mail Stop *Ex Parte* Reexam
 Central Reexamination Unit
 Commissioner for Patents
 United States Patent & Trademark Office
 P. O. Box 1450
 Alexandria, VA 22313-1450

By Fax to:  (571) 273-9900
 Central Reexamination Unit

By Hand:  Customer Service Window
 Randolph Building
 401 Dulany Street
 Alexandria, VA 22314

5. Telephone inquiries with regard to this decision should be directed to Mark Reinhart, Special Program Examiner in the Central Reexamination Unit, Art Unit 3992, at (571) 272-1611

*MReinhart* SPRE CRU-3992 for
Lissi M. Marquis,
Director,
Central Reexamination Unit

5/9/06



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

| | |
|---|---|
| DRINKER BIDDLE & REATH<br>Attn: INTELLECTUAL PROPERTY GROUP<br>One Logan Square<br>18th and Cherry Streets<br>Philadelphia, PA 19103-6996 | (For Patent Owner) |
| Albert S. Panilla<br>MARTINE PENILLA & GENCARELLA, LLP<br>710 Lakeway Drive, Suite 200<br>Sunnyvale, CA 94085 | (For Requester) |
| | DECISION, *SUA SPONTE,*<br>TO VACATE<br>REEXAMINATION OFFICE ACTION |
| *In re* Arthur R. Hair<br>*Ex Parte* Reexamination Proceeding<br>Control No. 90/007,403<br>Filed: January 31, 2005<br>For: US Patent No. 5,675,734 | |

The above captioned reexamination is before the Central Reexamination Unit for Consideration, *sua sponte*, whether to vacate the Office action made Final dated March 17, 2006.

### REVIEW OF FACTS

1. U. S. Patent No. 5,675,734 issued on October 7, 1997.

2. A request was filed by a third party requester for reexamination of US Patent No. 5,675,734 on January 31, 2005.

3. The Order granting reexamination is dated March 18, 2005.

4.   Non-final Office actions were mailed on June 21, 2005 and October 26, 2005 respectively.

6.   A final Office action was mailed on March 17, 2006.

## DISCUSSION REGARDING VACATING THE FINAL ACTION

MPEP 2271 is directed to final Office actions in *ex parte* reexamination proceedings and states as follows:

> Before a final action is in order, a clear issue should be developed between the examiner and the patent owner. To bring the prosecution to a speedy conclusion and at the same time deal justly with the patent owner and the public, the examiner will twice provide the patent owner with such information and references as may be useful in defining the position of the Office as to unpatentability before the action is made final. Initially, the decision ordering reexamination of the patent will contain an identification of the new questions of patentability that the examiner considers to be raised by the prior art considered. In addition, the first Office action will reflect the consideration of any arguments and/or amendments contained in the request, the owner's statement filed pursuant to 37 CFR 1.530, and any reply thereto by the requester, and should fully apply all relevant grounds of rejection to the claims.
>
> ...
>
> In making the final rejection, all outstanding grounds of rejection of record should be carefully reviewed and any grounds or rejection relied on should be reiterated. The grounds of rejection must (in the final rejection) be clearly developed to such an extent that the patent owner may readily judge the advisability of an appeal. However, where a single previous Office action contains a complete statement of a ground of rejection, the final rejection may refer to such a statement and also should include a rebuttal of any arguments raised in the patent owner's response.

## DECISION TO VACATE THE FINAL OFFICE ACTION

All pending reexamination proceedings which remained assigned to the USPTO Technology Centers were transferred from the USPTO Technology Centers into the Central Reexamination Unit (CRU) by May 2006.

As a result of the reassignment of the present proceeding to the CRU, and the facts specific to this proceeding, the Office is vacating the final Office action mailed on March 20, 2006 to permit a CRU panel review and further analysis of the issues. The newly assigned CRU examiner in charge will, in conjunction with a panel review, issue a new Office action.

The patent owner is relieved of the requirement to respond to the final Office action mailed on March 17, 2006, in view of that Office action being vacated.

## CONCLUSION

1. By way of instant decision, the Office action mailed in reexamination proceeding 90/007,403 mailed March 17, 2006 is hereby *sua sponte* <u>vacated.</u>

2. Jurisdiction over the present proceeding is now forwarded to the newly assigned CRU examiner who is directed to issue a new Office action in due course.

3. No response is required on the part of the Patent Owner, either to the decision or the final Office action mailed on March 17, 2006, which has now been vacated.

4. Correspondence may be submitted as follows:

By Mail to:   Mail Stop *Ex Parte* Reexam
              Central Reexamination Unit
              Commissioner for Patents
              United States Patent & Trademark Office
              P. O. Box 1450
              Alexandria, VA 22313-1450

By Fax to:    (571) 273-9900
              Central Reexamination Unit

By Hand:      Customer Service Window
              Randolph Building
              401 Dulany Street
              Alexandria, VA 22314

5. Telephone inquiries with regard to this decision should be directed to Mark Reinhart, Special Program Examiner in the Central Reexamination Unit, Art Unit 3992, at (571) 272-1611

*[signed]* SPRE CRU 3992 for
Lissi M. Marquis,
Director,
Central Reexamination Unit

5/9/06



UNITED STATES PATENT AND TRADEMARK OFFICE

Commissioner for Patents
United States Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450
www.uspto.gov

DRINKER BIDDLE & REATH
Attn: INTELLECTUAL PROPERTY GROUP     : (For Patent Owner)
One Logan Square
18th and Cherry Streets
Philadelphia, PA 19103-6996

MAILED
MAY 15 2006
REEXAM UNIT

Albert S. Penilla
MARTINE PENILLA & GENCARELLA, LLP    : (For Requester)
710 Lakeway Drive, Suite 200
Sunnyvale, CA 94085

: DECISION, *SUA SPONTE*,
: TO VACATE
: REEXAMINATION OFFICE
: ACTION

*In re* Arthur R. Hair
*Ex Parte* Reexamination Proceeding
Control No. 90/007,407
Filed: January 31, 2005
For: US Patent No. 5,966,440

The above captioned reexamination is before the Central Reexamination Unit for Consideration, *sua sponte*, whether to vacate the Office action made Final dated March 27, 2006.

### REVIEW OF FACTS

1. U. S. Patent No. 5,966,440 issued on October 12, 1999.

2. A request was filed by a third party requester for reexamination of US Patent No. 5,966,440 on January 31, 2005.

3. The Order granting reexamination is dated March 18, 2005.

Reexamination Control No. 90/007,407

2

4. Non-final Office actions were mailed on June 21, 2005 and October 26, 2005, respectively.

6. A final Office action was mailed on March 27, 2006.

## DISCUSSION REGARDING VACATING THE FINAL ACTION

MPEP 2271 is directed to final Office actions in *ex parte* reexamination proceedings and states as follows:

> Before a final action is in order, a clear issue should be developed between the examiner and the patent owner. To bring the prosecution to a speedy conclusion and at the same time deal justly with the patent owner and the public, the examiner will twice provide the patent owner with such information and references as may be useful in defining the position of the Office as to unpatentability before the action is made final. Initially, the decision ordering reexamination of the patent will contain an identification of the new questions of patentability that the examiner considers to be raised by the prior art considered. In addition, the first Office action will reflect the consideration of any arguments and/or amendments contained in the request, the owner's statement filed pursuant to 37 CFR 1.530, and any reply thereto by the requester, and should fully apply all relevant grounds of rejection to the claims.
> ...
> In making the final rejection, all outstanding grounds of rejection of record should be carefully reviewed and any grounds or rejection relied on should be reiterated. The grounds of rejection must (in the final rejection) be clearly developed to such an extent that the patent owner may readily judge the advisability of an appeal. However, where a single previous Office action contains a complete statement of a ground of rejection, the final rejection may refer to such a statement and also should include a rebuttal of any arguments raised in the patent owner's response.

## DECISION TO VACATE THE FINAL OFFICE ACTION

All pending reexamination proceedings which remained assigned to the USPTO Technology Centers were transferred from the USPTO Technology Centers into the Central Reexamination Unit (CRU) by May 2006.

As a result of the reassignment of the present proceeding to the CRU, and the facts specific to this proceeding, the Office is vacating the final Office action mailed on March 20, 2006 to permit a CRU panel review and further analysis of the issues. The newly assigned CRU examiner in charge will, in conjunction with a panel review, issue a new Office action.

The patent owner is relieved of the requirement to respond to the final Office action mailed on March 27, 2006, in view of that Office action being vacated.

## CONCLUSION

1. By way of instant decision, the Office action mailed in reexamination proceeding 90/007,403 mailed March 27, 2006 is hereby *sua sponte* vacated.

2. Jurisdiction over the present proceeding is now forwarded to the newly assigned CRU examiner who is directed to issue a new Office action in due course.

3. No response is required on the part of the Patent Owner, either to the decision or the final Office action mailed on March 27, 2006, which has now been vacated.

4. Correspondence may be submitted as follows:

By Mail to: Mail Stop *Ex Parte* Reexam
Central Reexamination Unit
Commissioner for Patents
United States Patent & Trademark Office
P. O. Box 1450
Alexandria, VA 22313-1450

By Fax to: (571) 273-9900
Central Reexamination Unit

By Hand: Customer Service Window
Randolph Building
401 Dulany Street
Alexandria, VA 22314

5. Telephone inquiries with regard to this decision should be directed to Mark Reinhart, Special Program Examiner in the Central Reexamination Unit, Art Unit 3992, at (571) 272-1611.

*MReinhart* SPRE. CRU-3992 for
Lissi M. Marquis,
Director,
Central Reexamination Unit

5/9/06