IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SIGHTSOUND TECHNOLOGIES, LLC and SIGHTSOUND TECHNOLOGIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> ROXIO, INC., and NAPSTER, LLC, <br><br> Defendants. | CIVIL ACTION NO. 04-1549 <br><br> JUDGE DONETTA W. AMBROSE <br><br> JURY TRIAL DEMANDED |

### FIRST AMENDED COMPLAINT

Plaintiffs SightSound Technologies, LLC and SightSound Technologies, Inc., (collectively, "SightSound"), by their attorneys, Meyer, Unkovic & Scott LLP, brings this civil action for patent infringement against Defendants Roxio, Inc. and Napster, LLC, and their successors in interest, and in support thereof alleges as follows:

### Parties

1. SightSound Technologies, Inc., through its successor by merger, SightSound Technologies Holdings, LLC, is a corporation that is organized and existing under the laws of the State of Delaware, with its principal place of business at 311 South Craig Street, Pittsburgh, Pennsylvania, 15213.

2. SightSound Technologies LLC is a corporation that is organized and existing under the laws of the State of Delaware, with its principal place of business at 311 South Craig Street, Pittsburgh, Pennsylvania, 15213.

3. Defendant, Roxio, Inc. ("Roxio"), has at the relevant times been a corporation organized and existing under the laws of the State of Delaware with a principal place of business located at 455 El Camino Real, Santa Clara, CA, 95050.

4. Defendant, Napster, LLC has at the relevant times been a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business at 9044 Melrose Ave., Los Angeles, California 90069.

5. On information and belief, Roxio acquired certain assets from Napster, Inc., Napster Music Company, Inc., Napster Mobile Company, Inc. and Pressplay, Inc., including the business of selling digital music electronically.

6. On information and belief, Roxio and Napster, LLC (collectively referred to herein as "Napster"), and their successors in interest, working individually and/or together in conjunction, are involved in the electronic sale, and transmission of digital music throughout the United States, including in the Commonwealth of Pennsylvania.

## Jurisdiction

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 and 1338(a).

## Venue

8. Venue is proper in this Court under the provisions of 28 U.S.C. § 1391(c) and 28 U.S.C. § 1400(b).

## General Facts

9. Arthur R. Hair ("Hair") is the inventor to whom the United States Patent Office issued United States Patent No. 5,191,573 on March 2, 1993 (hereinafter the "'573 Patent"). A true and correct copy of the '573 Patent is attached hereto as Exhibit "A".

10. SightSound is the assignee of the rights, title and interest in the '573 Patent issued to Hair.

11. Hair is the inventor to whom the United States Patent Office issued United States Patent No. 5,675,734 on October 7, 1997 (hereinafter the "'734 Patent"). A true and correct copy of the '734 Patent is attached hereto as Exhibit "B".

12. SightSound is the assignee of the rights, title and interest in the '734 Patent issued to Hair.

13. The '734 Patent is a continuation of the application that led to the '573 Patent.

14. Hair is the inventor to whom the United States Patent Office issued United States Patent No. 5,966,440 on October 12, 1999 (hereinafter the "'440 Patent"). A true and correct copy of the '440 Patent is attached hereto as Exhibit "C."

15. SightSound is the assignee of the rights, title and interest in the '440 Patent issued to Hair.

16. The '440 Patent is a continuation of the application that led to the '573 Patent.

17. On January 1, 1998, a SightSound predecessor in interest, SightSound.com, Inc. filed a patent infringement action against N2K, Inc. ("N2K"), for infringement of the '573 Patent, and the '734 Patent in the United States District Court for the Western District of Pennsylvania, Civil Action No. 98-0118. In March, 2000 CDnow, Inc., and CDnow Online Inc. (collectively "CDnow") were joined as defendants in that lawsuit and a claim of infringement of the '440 Patent was added against all defendants.

18. In the lawsuit against CDnow and N2K, this Court held a Markman hearing and issued an order on construction of relevant terms of the claims of the patents in suit. Subsequently, a motion for summary judgment filed by N2K and CDnow alleging invalidity of

the '573 Patent, the '734 Patent, and the '440 Patent, was denied. Plaintiff's motion for summary judgment was granted, dismissing allegations by N2K and CDnow that the plaintiff had committed inequitable conduct.

19. Pursuant to a settlement agreement among the parties, CDnow and N2K agreed to a Final Judgment and Order on Consent, entered by this Court on February 20, 2004, that the '573 Patent, the '734 Patent, and the '440 Patent are valid and enforceable.

## COUNT 1

### Patent Infringement

20. Paragraphs 1-19, inclusive, above, are hereby incorporated herein by reference.

21. Napster and/or its successors in interest has been making and continues to make and/or has sold and continues to sell and/or continues to induce others to sell and/or use and/or contribute to the making, using or selling of one or more digital audio signals for or with systems and/or processes within the scope of the claims of the '573 Patent in this judicial district and elsewhere in the United States.

22. Napster and/or its successors in interest had notice of the '573 Patent, pursuant to 35 U.S.C. § 287, prior to the commencement of this civil action.

23. The unauthorized making, use, or sale of such digital audio signals by Napster and/or its successors in interest infringes the '573 Patent.

24. Napster and/or its successors in interest is a direct and/or contributory infringer of the '573 Patent, and/or has induced infringement of the '573 Patent by others in violation of 35 U.S.C. § 271.

25. Unless enjoined by this Court, Napster and/or its successors in interest will continue to infringe the '573 Patent in the future.

26. On information and belief, Napster and/or its successors in interest has infringed and is infringing the '573 Patent, with full knowledge of the '573 Patent, and the infringement has been willful and deliberate and continues to be willful and deliberate. This case is exceptional under 35 U.S.C. § 285.

## COUNT II

27. Paragraphs 1-26, inclusive, above, are hereby incorporated herein by reference.

28. Napster and/or its successors in interest has been making and continues to make and/or has sold and continues to sell and/or continues to induce others to sell and/or use and/or contribute to the making, using or selling of one or more digital audio signals for or with processes within the scope of the claims of the '734 Patent in this judicial district and elsewhere in the United States.

29. Napster and/or its successors in interest received notice of the '734 Patent pursuant to 35 U.S.C. § 287, prior to the commencement of this civil action.

30. The unauthorized making, use, or sale of such a digital audio signal by Napster and/or its successors in interest infringes the '734 Patent.

31. Napster and/or its successors in interest is a direct and/or contributory infringer of the '734 Patent and/or has induced infringement of the '734 Patent by others in violation of 35 U.S.C. § 271.

32. Unless enjoined by this Court, Napster and/or its successors in interest will continue to infringe the '734 Patent in the future.

33. On information and belief, Napster and/or its successors in interest has infringed and is infringing the '734 Patent with full knowledge of the '734 Patent, and the infringement

has been willful and deliberate and continues to be willful and deliberate. This case is exceptional under 35 U.S.C. § 285.

## COUNT III

34. Paragraphs 1-33, inclusive, above, are hereby incorporated herein by reference.

35. Napster and/or its successors in interest has been making and continues to make and/or has sold and continues to sell and/or continues to induce others to sell and/or use and/or contribute to the making, using or selling of one or more digital audio signals for or with processes within the scope of the claims of the '440 Patent in this judicial district and elsewhere in the United States.

36. Napster and/or its successors in interest received notice of the '440 Patent pursuant to 35 U.S.C. § 287, prior to the commencement of this civil action.

37. The unauthorized making, use, or sale of such a digital audio signal by Napster or its successors in interest infringes the '440 Patent.

38. Napster and/or its successors in interest is a direct and/or contributory infringer of the '440 Patent and/or has induced infringement of the '440 Patent by others in violation of 35 U.S.C. § 271.

39. Unless enjoined by this Court, Napster and/ or its successors in interest will continue to infringe the '440 Patent in the future.

40. On information and belief, Napster and/or its successors in interest has infringed and is infringing the '440 Patent, with full knowledge of the '440 Patent, and the infringement has been willful and deliberate and continues to be willful and deliberate. This case is exceptional under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff SightSound Technologies, LLC demands judgment in its favor and against Napster and/or its successors in interest, as follows:

A.    That this Court adjudge and decree that United States Patent No. 5, 191,573, United States patent No. 5, 675,734, and United States Patent No. 5,966,440 are valid and enforceable against Napster and/or its successors in interest;

B.    That this Court adjudge and decree that Napster and/or its successors in interest has infringed the '573 Patent, the '734 Patent, and the '440 Patent;

C.    That this Court preliminarily and permanently enjoin Napster, its officers, directors, agents, employees, servants, attorneys, successors, assigns and all others controlling, controlled by, affiliated with or in privity with Napster, from committing further acts of infringement of the '573 Patent, the '734 Patent, and the '440 Patent, pursuant to 35 U.S.C. § 283;

D.    That this Court direct Napster and/or its successors in interest to file with this Court and serve on counsel for SightSound, within thirty (30) days of the entry of said injunction, a report in writing under oath setting forth in detail the manner and form in which Napster and/or its successors in interest has complied with the injunction;

E.    That this Court award damages sufficient to compensate SightSound for the infringement of the '573 Patent, the '734 Patent, and the '440 Patent by Napster and/or its successors in interest, pursuant to 35 U.S.C. § 284, together with costs and prejudgment interest for the amount of damages determined;

F. That this Court increase such damages up to three (3) times the amount found or assessed in view of the willful and deliberate character of such infringement of said patents by Napster and or its successors in interest, pursuant to 35 U.S.C. § 284;

G. That this Court find this case "exceptional" and award SightSound its reasonable attorneys' fees, pursuant to 35 U.S.C. § 285; and

H. That this Court award SightSound such other and further relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL**

Dated: January 4, 2012

/s/ Russell J. Ober
Russell J. Ober
E-Mail: rjo@muslaw.com
MEYER, UNKOVIC & SCOTT LLP
Suite 1300, Oliver Building
535 Smithfield Street
Pittsburgh, PA 15222-2315
Telephone: (412) 456-2806
Facsimile: (412) 456-3255

Attorneys for SightSound Technologies, Inc. and SightSound Technologies, LLC